PRESIDING JUDGE OF WASHINGTON COUNTY COURT *v.* THE CUMBERLAND & OHIO RAILROAD COMPANY.

**Mandamus—County Court—Subscription for Capital Stock of Railroad—Election.**

The county court had the right upon its own motion to submit the question to the voters of the county. The election ordered was held in pursuance to the provisions of the act of incorporation, and cannot be treated as void by reason of the assurances or representations made to the voters by friends of the enterprise. When a majority of the voters pronounced in favor of the proposition, nothing remained to be done by the county judge except to subscribe for the stock. In doing this he acts as a ministerial and not a judicial officer and can be compelled to discharge the duty imposed on him by a writ of mandamus.

**Pleadings—Conclusions of Law—Facts Must be Stated.**

The averment, that the provisions of the constitution were not complied with by the General Assembly upon its final passage of the act of incorporation is a mere conclusion of law, set up by the pleader. The facts from which the conclusions of law are drawn, and not the conclusions themselves must be pleaded.

APPEAL FROM WASHINGTON CIRCUIT COURT.

February 28, 1872.

Opinion by Judge Lindsay:

This is an appeal from the judgment of the court below awarding a mandamus to compel the judge of the Washington county court to subscribe, for, and in behalf of said county. The sum of four hundred thousand dollars to the capital stock of the Cumberland and Ohio Railroad Company, and to issue bonds of the county in payment of such subscription.

Demurrers were sustained to each of the paragraphs of the elaborate answer of appellant, except the second, and the matters of defense therein set up were, upon hearing, held to be unsustained by the evidence before the court.

These defenses were technical in their nature, and as we concur with the circuit judge in his opinion that the facts relied on were not established by the proof, it will be only necessary to notice the questions of law involved.

We regard it a matter of no consequence whether or not the commissioners named in the act of incorporation, under which the appellee seeks to enforce the subscription of stock, had the right, before the organization of the company, to solicit subscriptions from such counties as were or might be authorized to subscribe for stock. The county court had the right upon its own motion to submit the question to the votes of the county. The election ordered was held in pursuance to the provisions of the act of incorporation and cannot be treated as void by reason of assurances or representations made to voters by friends of the enterprise as to the proposed location of the road. There representations amounted to no more than expression of opinion upon which voters had no right to rely. As settled by this court in the recent case of *Shelby County Court vs. This Appellee,* the vote was properly taken before the subscription was made. The result of the vote made mandatory as to Washington county, a law, which thereupon had been permissive. The agency to which the legislature delegated the discretionary power of determining when and to what extent, if at all, that county should subscribe to the capital stock of the Cumberland and Ohio Railroad Com-

pany, determined that question when a majority of the qualified votes pronounced in favor of the proposition submitted by the county court, the law at once became final and peremptory. *Slack v. M. & S. R. Co.,* 13 B. Monroe, 1. Nothing remained to be done by the judge of the county court except to carry into execution the provisions of a perfect and mandatory statute. In doing this he acts as a ministerial and not as a judicial officer, and can be compelled to discharge the duties imposed upon him by the act in question.

Passing over various objections raised as to the proceedings had in the circuit court, to which appellant attaches but little importance, and none of which in our opinion can be made available for a reversal of the judgment of the court.

We proceed to consider the propriety of the order sustaining the special demurrer to the first paragraph of the appellant's answer.

It is alleged in said paragraph that the act incorporating the Cumberland and Ohio Railroad Company is unconstitutional and void because it is in conflict with section 14, article 13, of a state constitution, and because the provisions of section 40, article 2, of said constitution were not complied with by the general assembly when said act was attempted to be passed.

The first objection has been so often settled adversely to the position assumed by appellant that his counsel do not insist upon its consideration, and therefore we will not discuss it. The averment, that the provision of article 2, section 40, were not complied with by the general assembly upon its final passage of the act of incorporation is a mere conclusion of law, set up by the pleaders. He utterly fails to state what the acts of omission were, or in what particular the general assembly failed to comply with the provisions of the section in question. There is no rule of pleading better settled than that the facts from which the conclusions of law are drawn, and not the conclusions themselves must be pleaded.

In view of this defect of pleading it is not necessary that this court should express an opinion as to whether or not the provisions of this section of the state constitution apply to acts or resolutions creating debts against counties, cities, towns and

other subordinate municipal corporations for the payment of subscriptions of stock to works of internal improvements.

The circuit court properly sustained the demurrer to the paragraph under consideration.

The judgment of the court below awarding the writ of mandamus must be affirmed.

*P. B. & J. B. Thompson, for appellant.*

*Knott, for appellee.*